UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHILLIPS-VAN HEUSEN CORPORATION,    :
                                           Plaintiff,    :   07 Civ. 8169 (AKH)

                      - against -    :   **ANSWER,
AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM OF**
INTERNATIONAL HOME TEXTILES, INC.,   :   **INTERNATIONAL HOME
TEXTILES, INC.**
and SALO GROSFELD,

                      Defendants.    :
------------------------------------------------------------x

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant International Home Textiles, Inc., ("IHT") by its attorneys, Greenberg Traurig, LLP, for its Answer to the Complaint (the "Complaint"):

**JURISDICTION AND VENUE:**

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, except admits that IHT is a Florida corporation with its principal place of business in Miami, Florida; defendant Salo Grosfeld is a citizen of the State of Florida; and Plaintiff purports to bring this action under 28 U.S.C. § 1332(a)(1), and that, accordingly, jurisdiction is conferred upon this Court.

2.   Denies the allegations of paragraph 2 of the Complaint.

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, except admits that Plaintiff purports to seek supplemental jurisdictional relief from this Court.

**PARTIES**:

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

7. Admits the allegations of paragraph 7 of the Complaint.

8. Denies the allegations of paragraph 8 of the Complaint, except admits that IHT has been the Licensee of PVH's IZOD trademark since December 2001.

9. Admits the allegations of paragraph 9 of the Complaint.

10. Admits the allegations of paragraph 10 of the Complaint.

11. Denies the allegations of paragraph 11 of the Complaint, except admits that Salo Grosfeld is, and at all relevant times has been, a shareholder of IHT.

12. Denies the allegations of paragraph 12 of the Complaint, except admits that Salo Grosfeld, solely in his corporate capacity as President of IHT, was involved in the negotiations that led to the execution of the License Agreement between PVH and IHT.

13. Denies the allegations in paragraph 13 of the Complaint.

**FACTS**:

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Denies the allegations of paragraph 15 of the Complaint, except admits that PVH entered into the License Agreement with IHT on or about January 1, 2006,

avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

16. Denies the allegations of paragraph 16 of the Complaint, except admits that the License Agreement was for a term commencing on January 1, 2006 and concluding on December 31, 2008.

17. Denies the allegations of paragraph 17 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

18. Denies the allegations of paragraph 18 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

19. Denies the allegations of paragraph 19 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

20. Denies the allegations of paragraph 20 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

21. Denies the allegations of paragraph 21 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

22. Denies the allegations of paragraph 22 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

23. Denies the allegations of paragraph 23 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

24. Denies the allegations of paragraph 24 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

25. Denies the allegations of paragraph 25 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

26. Denies the allegations of paragraph 26 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

27. Denies the allegations of paragraph 27 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

28. Denies the allegations of paragraph 28 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

29. Denies the allegations of paragraph 29 of the Complaint, avers that the License Agreement speaks for itself, and refers the Court to that document for its specific contents.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint.

33. Denies the allegations of paragraph 33 of the Complaint.

34. Denies the allegations of paragraph 34 of the Complaint.

35. Denies the allegations of paragraph 35 of the Complaint.

36. Denies the allegations of paragraph 36 of the Complaint.

37. Denies the allegations of paragraph 37 of the Complaint.

38. Denies the allegations of both paragraphs 38 of the Complaint.

39. Denies the allegations of paragraph 40 of the Complaint.

**FIRST CLAIM**:

40. Repeats and realleges its responses to the allegations of paragraphs 1 through 40 of the Complaint as though fully set forth herein.

41. Denies the allegations of paragraph 42 of the Complaint.

42. Denies the allegations of paragraph 43 of the Complaint, except admits that on or about April 27, 2007, PVH sent a letter to IHT purporting to terminate the License Agreement.

43. Denies the allegations of paragraph 44 of the Complaint.

44. Denies the allegations of paragraph 45 of the Complaint.

**SECOND CLAIM**:

45. Repeats and realleges its responses to the allegations of paragraphs 1 through 45 of the Complaint as though fully set forth herein.

46. Denies the allegations of paragraph 47 of the Complaint.

47. Denies the allegations of paragraph 48 of the Complaint.

48. Denies the allegations of paragraph 49 of the Complaint.

49. Avers that the allegations of paragraph 50 set forth a legal conclusion to which no response is required.

**THIRD CLAIM:**

50. Repeats and realleges its responses to the allegations of paragraphs 1 through 50 of the Complaint as though fully set forth herein.

51. Denies the allegations of paragraph 52 of the Complaint.

**FOURTH CLAIM:**

52. Repeats and realleges its responses to the allegations of paragraphs 1 through 52 of the Complaint as though fully set forth herein.

53. Denies the allegations of paragraph 54 of the Complaint.

IHT denies any factual allegation contained in any paragraph of the Complaint except as expressly admitted above.

IHT denies that plaintiff is entitled to any of the relief sought in the WHEREFORE clause on page 12 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with conditions precedent to its claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff repudiated and/or rescinded the License Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff breached the License Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on the Doctrine of Accommodation.

## NINTH AFFIRMATIVE DEFENSE

IHT hereby gives notice that it intends to rely upon any other defenses that may become available or appear during proceedings in this action.

7

## COUNTERCLAIMS

International Home Textiles, Inc. ("IHT"), by way of its counterclaim against Phillips-Van Heusen Corp. ("PVH"), alleges as follows:

### Nature of the Action

1. This is a counterclaim for misrepresentation.

### The Parties

2. Defendant and Counterclaim Plaintiff IHT is a Florida corporation with its principal place of business at 19401 West Dixie Highway, Miami, Florida 33180.

3. Plaintiff and Counterclaim Defendant PVH is, upon information and belief, a Delaware corporation with a principal place of business at 200 Madison Avenue, New York, New York 10016. PVH has at all relevant times been in the business, inter alia, of the manufacture, sale, distribution, promotion, and licensing the sale and distribution of various items under the trademark "IZOD" (the "Licensed Mark").

### Jurisdiction and Venue

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) of the United States Code. The matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. The Court has supplemental jurisdiction over any New York State claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391. Venue is also proper in New York County pursuant to New York C.P.L.R. §§ 501 and 503, and by virtue of a forum selection clause in a license agreement between PVH and IHT, dated as of January 1, 2006 (the "License Agreement").

## Factual Background

6. On or about January 1, 2006, PVH entered into the License Agreement with IHT, pursuant to which, among other things, PVH granted IHT (i) the exclusive right to use the Licensed Mark in connection with the sale, distribution and promotion of certain textiles including, without limitation, sheets, pillow cases and towels (collectively, the "Licensed Products"), solely on a wholesale basis, to specifically approved customers within the "Territory" as defined in the License Agreement; and (ii) certain limited and non-exclusive rights to manufacture the Licensed Products. A true and correct copy of the License Agreement is annexed hereto as Exhibit A.

7. The license granted by PVH to IHT under the License Agreement was for a term commencing on January 1, 2006 and ending on December 31, 2008.

8. The License Agreement strictly limited IHT's right to sell the Licensed Products to certain approved retailers whose identities were set forth in the License Agreement (the "Approved Retailers"). *See* Ex. A, Section 6.14 and Schedule 6.14.

9. IHT entered into the License Agreement based upon PVH's representation that a number of Approved Retailers, who were in the business of marketing and selling *apparel* products with the License Mark (but not Licensed Products, *i.e.* home textiles), would also agree to market and sell Licensed Products.

10. After entering into, and seeking to perform under the License Agreement, however, IHT discovered that, contrary to PVH's representations, a number of the Approved Retailers identified in the License Agreement, who only sold apparel products with the License Mark, would *not* agree to market and sell Licensed Products.

11.  Given the terms of the License Agreement, which strictly limited the channels through which IHT could sell the Licensed Products, the fact that a number of Approved Retailers would not agree to sell and market Licensed Products negatively impacted IHT's ability to meet certain benchmarks under the License Agreement.

12.  When IHT requested that PVH expand the list of Approved Retailers to include retailers to whom PVH was already selling products with the License Mark, or to otherwise allow IHT to sell the Licensed Products to any other parties, PVH refused.

## COUNTERCLAIM

### (Misrepresentation)

13.  Counterclaim Plaintiff IHT repeats and realleges the allegations set forth in Paragraphs 1 through 12 as if set forth fully herein.

14.  When the parties were negotiating the License Agreement, PVH, through Mark Webber, PVH's President and Chief Executive Officer, and Kenneth Wyse, PVH's President of Licensing, represented to IHT President Salo Grosfeld that certain Approved Retailers, who were in the business of marketing and selling apparel products with the License Mark (and not Licensed Products, *i.e.* home textiles), would also agree to market and sell Licensed Products.

15.  The number of Approved Retailers who would market and sell Licensed Products was a material fact upon which IHT based its assent to the License Agreement.

16.  After it executed the License Agreement and began performance, IHT discovered that in fact, a material number of Approved Retailers who only sold apparel with the License Mark would not agree to market and sell Licensed Products.

10

17. When PVH made the above representations, it knew, or reasonably should have known, that a material number of Approved Retailers would not agree to market and sell Licensed Products.

18. In making the above representations notwithstanding its knowledge, or facts of which it should have been aware regarding the Approved Retailers, PVH misrepresented material facts to IHT.

19. In agreeing to enter into the License Agreement and proceeding to perform thereunder, IHT relied upon PVH's misrepresentations to its detriment.

20. IHT's reliance upon PVH's misrepresentations regarding Approved Retailers was both reasonable and justifiable.

21. Due in part to the reduced list of Approved Retailers with whom it could actually market and sell Licensed Products, IHT was unable to perform its obligations under the License Agreement.

22. Additionally, as a consequence of PVH's misrepresentations, IHT has been, and continues to be, damaged in an amount to be determined at trial, but believed to be not less than $2,000,000 (Two Million Dollars), plus pre-judgment interest at the legal rate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff IHT having answered the Complaint and having asserted the above Counterclaims for relief, respectfully demands a judgment against Plaintiff as follows:

1. Dismissal of the Complaint against Defendant/Counterclaim Plaintiff IHT and Defendant Salo Grosfeld with prejudice, and entry of judgment in their favor;

2. An award of compensatory, consequential, and punitive damages to Defendant/Counterclaim Plaintiff IHT in connection with this action;

3. An award of interest, attorneys' fees, and reasonable costs and disbursements in connection with this action, including expert fees; and

4. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant/Counterclaim Plaintiff IHT requests a trial by jury on all issues so triable as a matter of right.

Dated: New York, New York
       November 26, 2007

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Timothy E. Di Domenico (TD 4900)

MetLife Building
200 Park Avenue, 15th Floor
New York, New York 10166
(212) 801-9200

-and-

Of Counsel:

John F. Farraher, Jr.
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, MA  02110
(617) 310-6000

*Attorneys for Defendant/Counterclaim Plaintiff International Home Textiles, Inc. and Defendant Salo Grosfeld*