UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PHILLIPS-VAN HEUSEN CORPORATION,  :
                                                                               :    07 Civ. 8169 (AKH)
                       Plaintiff,                       :
                                                          :
                  - against -                     :
                                                          :
INTERNATIONAL HOME TEXTILES, INC.,        :
and SALO GROSFELD,                               :
                                                          :
                        Defendants.                   :
------------------------------------------------------------------- x

### DEFENDANTS INTERNATIONAL HOME TEXTILES, INC. AND SALO GROSFELD'S FEDERAL RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendants International Home Textiles, Inc. ("IHT") and Salo Grosfeld ("Grosfeld") (collectively, the "Defendants") make their initial disclosures as follows.

Defendants base these initial disclosures on their current knowledge, understanding and beliefs as to the facts and information available as of the date of these initial disclosures. Defendants have not completed their investigation of the facts in this case. Additional discovery may require Defendants to supplement or modify these initial disclosures. Pursuant to Federal Rule of Civil Procedure 26(e), Defendants reserve the right to modify or supplement the information produced in these initial disclosures as appropriate. Defendants further reserve the right to use and introduce such supplemental information or subsequently produced documents at the trial of this action.

A.  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

    1.  Ken Wyse
Phillips Van Heusen Corporation ("PVH")

Mr. Wyse is the President of Licensing at PVH. He has knowledge regarding the negotiation and execution of the License Agreement at issue in this case, the payment history of IHT, the parties' prior business dealings, and the parties' correspondence regarding changes to the terms of the License Agreement. He has access to records relevant to business dealings between IHT and PVH.

*Mr. Wyse may be contacted through PVH's counsel.*

    2.  John Pawlick
PVH

Mr. Pawlick is Director of Corporate Accounting at PVH. He has knowledge of the negotiation and execution of the License Agreement at issue in this case, and the parties' correspondence regarding changes to the terms of the License Agreement. He has access to records relevant to business dealings between IHT and PVH.

*Mr. Pawlick may be contacted through PVH's counsel.*

    3.  Lucine Watt
PVH

Ms. Watt is a Licensing Manager at PVH. She has knowledge regarding the License Agreement at issue in this case and access to records relevant to business dealings between IHT and PVH.

*Ms. Watt may be contacted through PVH's counsel.*

    4.  Malcolm Robinson
PVH

Mr. Robinson is President of IZOD. He has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

*Mr. Robinson may be contacted through PVH's counsel.*

5. Ken Duane
   PVH

   Mr. Duane is Vice-Chairman of PVH. He has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

   *Mr. Duane may be contacted through PVH's counsel.*

6. Kristin Gallop
   PVH

   Ms. Gallop is Licensing Manager at PVH. She has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

   *Ms. Gallop may be contacted through PVH's counsel.*

7. Debbie Lugo
   PVH

   Ms. Lugo is an Assistant to Ken Wyse at PVH. She has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

   *Ms. Lugo may be contacted through PVH's counsel.*

8. Nessa Arnold
   PVH

   Ms. Arnold is an Assistant to Lucine Watt at PVH. She has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

   *Ms. Arnold may be contacted through PVH's counsel.*

9. Emanuel Chirico
   PVH

   Mr. Chirico is the current Chief Executive Officer of PVH. He has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

   *Mr. Chirico may be contacted through PVH's counsel.*

10. Allen Sirkin
    PVH

    Mr. Sirkin is the President and Chief Operating Officer of PVH. He has knowledge of the License Agreement at issue in this case and has access to records relevant to business dealings between IHT and PVH.

    *Mr. Sirkin may be contacted through PVH's counsel.*

11. Mark Weber
    CEO of Louis Vuitton Moet Hennessy ("LVMH")

    Mr. Weber is the former Chief Executive Officer of PVH and the current Chairman and Chief Executive Officer of LVMH. He has knowledge of the negotiation and execution of the License Agreement at issue in this case and the parties' prior business dealings.

    *Mr. Weber may be contacted through LVMH's counsel.*

12. Salo Grosfeld
    IHT

    Mr. Grosfeld is President of IHT. He has knowledge of the negotiation and execution of the License Agreement at issue in this case, the parties' correspondence regarding changes to the terms of the License Agreement, and the parties' prior business dealings. He has access to records relevant to business dealings between IHT and PVH.

    *Mr. Grosfeld may be contacted through IHT's counsel.*

13. Carlos Lerman
    Smoller, Lerman and Whitebook

    Mr. Lerman is an attorney. He represented IHT in its negotiations with PVH. He has knowledge of the negotiation and execution of the License Agreement at issue in this case and the parties' prior business dealings.

    *Mr. Lerman may be contacted at the law offices of Smoller, Lerman and Whitebook, 2611 Hollywood Blvd., Hollywood, Florida 33020.*

B. A copy-or a description by category and location-of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

4

Response:   IHT outlines the following documents and data compilations as available:

(i) The License Agreement attached as Exhibit A to IHT's Memorandum of Law in Support of its Motion to Dismiss.

(ii) A prior license agreement, dated January 11, 2002, between PVH and IHT.

(iii) Email correspondence between representatives of IHT and PVH contained on computer servers and computer hard drives located at IHT's headquarters, 19401 West Dixie Highway, Miami, Florida 33180.

(iv) Documents reflecting negotiations between IHT and PVH and proposed changes to the terms of the License Agreement, contained in files located at IHT's headquarters, 19401 West Dixie Highway, Miami, Florida 33180.

(v) Payment histories and account information relating to the License Agreement and the parties' prior license agreement, located at IHT's headquarters, 19401 West Dixie Highway, Miami, Florida 33180.

(vi) In addition, the following third parties may have discoverable information:

Macy's East/Hecht Co./Filenes/Kaufman's

Macy's Florida/Burdines

Macy's Midwest/Famous Barr

Macy's North/Marshal Fields

Macy's Northwest/Bon Marche/Meier & Frank

Macy's South/Foley's

Macy's West/Robinson's/May

Macy's Central/Rich's/Lazarus

Macy's.com

Lord and Taylor

AAFES

5

AS Cooper

Beall's Dept. Store

Belk/Profitt's/McRae's

Boscov's

Carson's/Bon Ton

Casual Male

Dawahare's

Dillards

Dunlaps

Gottschalk's

US Marine Corps. (US bases only)

Nexcom/Navy Exchange (US bases only)

Parisian

Stage Stores/SSI/SRI

Vets Canteen

Bed Bath and Beyond

Linens N Things

JC Penney

JC Penney International

Peebles/BC More

Bass Pro Shops

Bob's Stores

Dick's Sporting Goods

Foot Locker

Paragon Sports

        Beall's Outlet

        Burlington Coat Factory

        Century 21

        Filene's Basement

        Gordman's

        K & G

        MarMaxx/Newton Buying

        Ross

        Steinmart

    (vii)    All documents produced by the parties or disclosed pursuant to Federal Rule of Civil Procedure 26.

Documents have been made available by attachment to Salo Grosfeld's Motion to Dismiss. Defendants will supplement this response with additional disclosures when they become known.

C.    A computation of any category of damages claimed by the disclosing party.

    Response:    IHT's damages, which are based on lost profits arising from the License Agreement with PVH, have not yet been calculated. Based on IHT's current estimate of lost profits from IHT's relationship with JC Penney alone, IHT anticipates proof of compensatory damages in the range of $2.8 million. IHT also seeks recovery of attorneys fees, court costs, expenses, and pre- and post-judgment interest.

D.    Any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

7

Response: None.

Dated: New York, New York
January 8, 2008

>GREENBERG TAURIG, LLP
>
>By: _____
>Timothy E. Di Domenico (TD-4900)
>
>MetLife Building
>200 Park Avenue, 15th Floor
>New York, New York 10166
>(212) 801-9200
>
>-and-
>
>Of Counsel:
>
>John F. Farraher, Jr.
>Thomas H. Good
>Greenberg Traurig, LLP
>One International Place, 20th Floor
>Boston, MA 02110
>(617) 310-6000
>
>*Attorneys for Defendants*
>*International Home Textiles, Inc.*
>*and Salo Grosfeld*