**WEISS & HILLER, PC**
*Attorneys at Law*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

Direct email:aweiss@weisshiller.com
Website: www.weisshiller.com

Telecopier: (212) 753-4530

August 15, 2008

**Via United Lawyers Service**

Honorable Alvin K. Hellerstein
United States District Court
 Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

> *Handwritten endorsement:* The case is restored. The court will see counsel for the parties at conference to discuss status, identify all remaining proceedings, and establish a schedule towards trial. The conf. shall be held Sp. 5, 2008, 9:30 a.m.
> /s/ Alvin Hellerstein  8-19-08

Re: Phillips-Van Heusen Corporation v. International Home Textiles, Inc.
    and Salo Grosfeld
    Case No. 07 Civ. 8169

Dear Judge Hellerstein:

We are attorneys for plaintiff, Phillips-Van Heusen Corporation ("PVH"). We write, regretfully, to request that the Court restore this matter to active status.

As Your Honor will recall, on or about April 22, 2008, the parties advised the Court that a settlement in principle had been reached, and that the parties were in the process of preparing a settlement agreement. Shortly thereafter, by endorsement dated May 1, 2008, the Court directed that the case be dismissed, subject to restoration by notice from either party. By letters dated June 24, 2008 and July 15, 2008, we updated the Court on the status of the settlement efforts. (Copies of said letters are attached for the Court's convenience).

As those letters set forth, the parties have long since agreed to the terms of the settlement agreement. Plaintiff has stood ready to execute the settlement agreement. Defendants, however, unilaterally conditioned their execution of the settlement agreement upon their receipt of a funding commitment from either of two banks to which they had applied. Based upon defendants' repeated assurances that they were actively working with these banks and that a response was close, PVH agreed, on several occasions, to defer its request for the restoration of this matter to the calendar. Now, almost four months after the

Honorable Alvin K. Hellerstein
August 15, 2008
page 2

parties' agreement in principal, defendants' are still unwilling to execute the parties' settlement agreement. Accordingly, PVH is constrained to make the within request to restore the case to the active calendar and to permit it to take defendants' outstanding depositions that were scheduled to commence two days after the date that the parties' advised the Court of the settlement.

Respectfully submitted,

Arnold M. Weiss

AMW:im
Enclosure

c: Jeff Wolf, Esq. (by facsimile)
Ms. Hayley Werner (by facsimile)